# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL A. BACON, et al.,

      Petitioners

v.

CORE CIVIC, et al.,

      Respondents

Case No.: 2:20-cv-01008-JAD-BNW

**Order Dismissing
Improperly Commenced Action**

ECF Nos. 3, 4

Petitioners Michael A. Bacon and Shannon K. Kane have submitted what they have styled as a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  They state that they are in custody at Southern Nevada Detention Center, a private prison, serving time for federal sentences or probation violations.  However, neither petitioner has submitted an application to proceed *in forma pauperis* or paid the filing fee.  As a result, this matter has not been properly commenced and is dismissed without prejudice.[2]

Even if this action were not being dismissed as improperly commenced, it would likely be dismissed as the result of several other defects.  First, the petition seeks class certification, but Bacon has been advised in other federal actions that neither he nor Kane may act as an attorney on behalf of any class by filing pleadings or otherwise litigating on behalf of a class.[3]

---

[1] ECF No. 1-1.

[2] 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

[3] *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (recognizing that the pro se prisoner could not bring class action on behalf of others); *Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001) (unpublished) (holding that pro se plaintiff could not prosecute his action as a class action).

1  Moreover, petitioners' main claims are that their conditions of confinement during the

2 COVID-19 pandemic violate their Fourteenth Amendment equal-protection rights and Eighth

3 Amendment right to be free from deliberate indifference to their health and safety.  But those are

4 civil-rights violations, not challenges to the validity of their convictions or sentences for which

5 *habeas* relief might be available.

6  Petitioners also argue that they are entitled to relief under the CARES Act.  Usually, the

7 Bureau of Prisons (BOP) may "place a prisoner in home confinement for the shorter of 10

8 percent of the term of imprisonment of that prisoner or 6 months."[4]  As this Court explained to

9 Bacon in another federal action, under the CARES Act, which was enacted in response to the

10 COVID-19 pandemic, "if the Attorney General finds that emergency conditions will materially

11 affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for

12 which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2).[5]

13 However, the CARES Act does not give any inmate the right to release to home confinement,

14 and it is the BOP, not the courts,[6] who have the authority to transfer inmates to home

15 confinement.  And, again, the issue of home confinement is not a challenge to the validity of a

16 sentence or conviction and does not fall within federal habeas corpus review.  Thus, it does not

17 appear that the petition states a claim for which habeas relief may be granted.

18  IT IS THEREFORE ORDERED that **this action is DISMISSED** without prejudice.

19

20

21

---

22 [4] 18 U.S.C. § 3624(c)(2).

[5] Pub. L. 116-136, § 12003(b)(2); *see also* 2:20-cv-00914-JAD-VCF.

23 [6] *United States v. Carlucci*, No. CR 10-00464-01-KHV, 2020 WL 2527013, at *3 (D. Ariz. May 18, 2020).

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED** because jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

IT IS FURTHER ORDERED that petitioners' two motions for expedited **review [ECF Nos. 3 and 4] are DENIED as moot**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **ENTER JUDGMENT** accordingly and close this case.

Dated: June 23, 2020

_____
U.S. District Judge Jennifer A. Dorsey